John H. SAWYER, Samuel L. Andrews, Sr., Charles Sidney Goodman, et al., Plaintiffs,

v.

CITY OF MOBILE, ALABAMA, a Municipal Corporation, Joseph N. Langan, Commissioner and Mayor of the City of Mobile, Alabama, Henry R. Luscher, Commissioner of the City of Mobile, Alabama, Charles F. Hackmeyer, Commissioner of the City of Mobile, Alabama, and Tom Klumpp, Professional Manager, Mobile Municipal Park Golf Course, Mobile, Alabama, Defendants.

Civ. A. No. 1999.

United States District Court
S. D. Alabama, S. D.
March 13, 1961.

Vernon Crawford, Clarence E. Moses, Mobile, Ala., for plaintiffs.

Fred G. Collins, Mobile, Ala., for City of Mobile, Alabama.

DANIEL HOLCOMBE THOMAS, District Judge.

Plaintiffs, Negro citizens of the United States and of the City of Mobile, State of Alabama, and resident taxpayers of the City of Mobile, for themselves and other Negroes similarly situated, bring this complaint, the same being an action for declaratory judgment and for an injunction restraining the City of Mobile, its Mayor and Commissioners, and Tom Klumpp, professional manager of the Mobile Municipal Golf Course, from denying to Negro citizens, on account of race, permission to play golf on the municipal golf course; and for an injunction restraining the defendants from denying

to the plaintiffs and other Negroes similarly situated the use of the municipal golf course. Plaintiffs also ask for judgment against the defendants in the sum of $5,000 for damages.

At the conclusion of the trial, defendant Klumpp moved to dismiss the complaint as to him on the ground that the evidence failed to substantiate the complaint against him. The Court reserved its ruling on said motion.

## FINDINGS OF FACT

The Mobile Municipal Golf Course is the only publicly supported golf course in Mobile, Alabama. There do exist privately owned golf courses, but none of these are owned by Negroes or open to them. Members of the Negro race are not permitted to play golf on the municipal golf course. This is a policy established by the city government. The City of Mobile owns, maintains, and operates the golf course for the exclusive use of white persons.

The plaintiffs, who at all times pertinent met all the lawful requirements necessary to play golf on the municipal golf course, and possessed the necessary equipment with which to play, presented themselves on February 24, 1958, at the Mobile Municipal Golf Course and requested permission to register and play golf on the course. This request was denied.

Subsequent to that event, the plaintiffs, through their attorney, received a letter dated March 28, 1958, from the Mayor of the City of Mobile, which stated in effect that the Mobile Municipal Golf Course was designated for the use of white persons only.

One of the City Commissioners testified that the golf course was for the exclusive use of white persons. He further testified that the City Commission was trying to obtain funds with which to construct a golf course for Negroes in Mobile, but that this project was not foreseeable in the very near future.

The plaintiffs testified that because of the unavailability of golfing facilities in this area, they have had to travel to Pensacola, Florida, a distance of some sixty miles, and to New Orleans, Louisiana, a distance of some hundred and fifty miles, to play golf. Plaintiffs endeavor to set up as damages the expenses incurred and the inconvenience occasioned by reason of these trips.

## CONCLUSIONS OF LAW

Jurisdiction of this cause is vested in the Court under the authority of 42 U.S.C.A. §§ 1981, 1983; and 28 U.S.C.A. § 1343(3).

The sole question presented by this cause is whether or not these plaintiffs and other Negroes similarly situated, in being denied the opportunity to play golf on the Mobile Municipal Golf Course, have been deprived, under color of law, of their rights, privileges, and immunities as secured by the Constitution and laws of the United States. This question is not unique. It is not new. It has been resolved by the Supreme Court of the United States and the Fifth Circuit Court of Appeals. Holmes et al. v. City of Atlanta et al., 350 U.S. 879, 76 S.Ct. 141, 100 L.Ed. 776; City of Fort Lauderdale v. Moorhead et al., 5 Cir., 248 F.2d 544. On the basis of these authorities, *which are binding on this court,* the plaintiffs are entitled to relief and the defendants and their agents must be permanently enjoined from denying to these plaintiffs and other Negro citizens similarly situated, because of race or color, the use of the Mobile Municipal Golf Course.

I am of the opinion that the evidence does not support a verdict against the defendant Tom Klumpp. It follows that the motion of Klumpp to dismiss should be granted.

The Court is further of the opinion that the plaintiffs' claim for damages is unwarranted under these facts.

A judgment will be entered in conformity with these findings of fact and conclusions of law.